# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 01-2603

———————

| | | |
|---|---|---|
| Dennis Miller; Terrence Miller, | * | |
| | * | |
| Appellants, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Apria Healthcare, Inc., | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

———————

Submitted: January 14, 2002

Filed: January 24, 2002

———————

Before BOWMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

PER CURIAM.

Dennis Miller arranged to have Apria Healthcare, Inc. (Apria) deliver oxygen tanks to his mother, Edna Miller, an elderly home-bound patient. Because Mrs. Miller could not answer the door without assistance, Dennis Miller repeatedly instructed Apria to deliver the tanks after three p.m., when someone else would be home. At 2:22 p.m. on August 28, Apria delivered oxygen tanks to Mrs. Miller, "pounding" on the door to gain her attention. Mrs. Miller attempted to answer the door without assistance, but fell and broke her hip. Mrs. Miller died as a result of her hip fracture. Claiming diversity jurisdiction, Dennis Miller and his brother Terrance Miller sued Apria in federal court, alleging Apria negligently caused their mother's

death. The district court[*] granted Apria's motion to dismiss. Applying Missouri law, the district court found Mrs. Miller's injury was not reasonably foreseeable so Apria did not owe Mrs. Miller a duty of care in timing its deliveries. See Lopez v. Three Rivers Electric Coop., Inc., 26 S.W.3d 151, 155-56 (Mo. banc 2000). The district court found that Dennis Miller's warnings put Apria on notice that early delivery attempts were likely to be unsuccessful because no one would answer the door. The Millers did not claim they warned Apria that Mrs. Miller might attempt to answer the door unassisted, thus creating a risk of injury. Apria, then, was not on notice that early deliveries could create a foreseeable risk of injury.

Having carefully reviewed the record de novo and considered the facts and all reasonable inferences that can be drawn from them in the light most favorable to the Millers, we conclude the district court correctly decided that the Millers' complaint did not state a claim for which relief could be granted. Sisley v. Leyendecker, 260 F.3d 849, 850 (8th Cir. 2001). We also conclude the district court did not abuse its discretion in denying the Millers' motion to amend the complaint; the proposed amended complaint does not cure the deficiencies and amendment would be futile. Grandson v. Univ. of Minn., 272 F.3d 568, 575 (8th Cir. 2001). Because an extended opinion would serve no useful purpose in this diversity case, we affirm without further discussion. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[*]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.